**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Angelo LUIS, Defendant-Appellant.**

**No. 27740**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1969.

Shalle Fine, Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

**440**

PER CURIAM:

■ This is an appeal from a judgment of conviction entered against Angelo Luis for violation of 18 U.S.C. § 3150, pertaining to bail jumping.[1] Luis was indicted for violations of sections 2314 and 1708 of Title 18, United States Code. He was admitted to bond, which was estreated when he failed to appear for trial. An indictment was returned by the grand jury charging that Luis "having been released pursuant to the provisions of Section 3146(4), Title 18, United States Code, upon a bail bond * * * wilfully and unlawfully failed to appear as required, in violation of Section 3150, Title 18, United States Code."

Appellant pleaded not guilty and a jury trial resulted. After the government had rested, appellant moved for a directed verdict on the ground that the government had failed to prove each element of the offense charged. This motion was denied and the defense rested without presenting any evidence. A guilty verdict was returned by the jury and appellant was sentenced to imprisonment for a period of five years.

The issue on appeal is whether appellant can be convicted of having failed to appear for trial when released under the provisions of § 3146 of Title 18, United States Code, when the record does not reflect the authority under which he was released. We answer this question affirmatively and thereby affirm the decision below.

The statute under which appellant was indicted provides penalties for those persons who are released pursuant to Chapter 207 and who wilfully fail to appear as required. Section 3146 falls within Chapter 207. In essence, appellant claims that the bond given for his release was authorized as much under Rule 46 of the Federal Rules of Criminal Procedure as under Chapter 207, Title 18, United States Code, and that since the government failed to offer proof that he was bailed under Chapter 207, then he should have been acquitted because the government failed to prove each element of the offense charged.

■ Appellant's specification of error fails for two reasons. Assuming, *arguendo*, that there was error in the indictment by the citation of § 3146(a) (4) in lieu of Rule 46, it is provided in Rule 7(c) of the Federal Rules of Criminal Procedure that:

"Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Also see Worthy v. United States, 328 F.2d 386, 391 (5th Cir. 1964), and Masi v. United States, 223 F.2d 132, 133 (5th Cir. 1955).

No prejudice is shown in the case *sub judice*. Appellant was well aware of the fact that he was on trial for wilful failure to appear for trial thereby breaching the conditions of his release. Indeed, during the trial, appellant's counsel even stated:

"If they are trying to say that Mr. Luis is presumed to be aware of the provisions of Section 3150 of Title 18, we agreed that he is presumed to know that section * * *"

and appellant's bail bondsman testified that appellant was instructed about the provisions of the bond by the judge at the time bail was set.

■ Secondly, even if appellant's release was secured through the provisions of Rule 46, there is authority to the effect that said rule is substantially a re-

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804. Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

statement of 18 U.S.C. § 3141, thereby falling within the spirit of Chapter 207. See Note of Advisory Committee on Rules, 18 U.S.C.A., Rule 46. Chapter 237, § 3771 of Title 18, is merely the authority under which Rule 46 was enacted.

In conclusion, appellant was in no way prejudiced or misled by the failure of the government to prove that Luis was released pursuant to § 3146, and the judgment of the District Court is

Affirmed.