**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Woodrow Vernell CLEMONS, a/k/a "Sundown", Defendant-Appellant.**

No. 80–5016.

United States Court of Appeals, Fifth Circuit.* Unit B

May 17, 1982.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Robert A. Fraser, Tampa, Fla. (Court-appointed), for defendant-appellant.

Loretta B. Anderson, Asst. U. S. Atty., Frank W. Trapp, Sp. Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JONES, FAY and HENDERSON, Circuit Judges.

JONES, Senior Circuit Judge:

The appellant, Woodrow Vernell Clemons was indicted in the Tampa Division of the Middle District of Florida for violating federal drug laws. *U. S. v. Clemons,* 676 F.2d 122. An assistant Federal Public Defender was appointed to represent Clemons. The case was scheduled for trial in Tampa during the weeks of June 18 and June 25, 1979 but was transferred to the Jacksonville division. On June 29, 1979, the case was continued and transferred back to Tampa and reset for trial during the weeks of August 6 and August 13, 1979. On August 15 or 16, 1979, counsel was informed that Clemons' trial would commence on August 20, 1979. Counsel attempted to contact Clemons at his mother's house in Tampa and sent an investigator to Clemons' Jacksonville address. Clemons was not located. On August 20, 1979 the case was called for trial. Clemons did not appear. Clemons was subsequently indicted for willfully failing to appear before the district court. After a bench trial, Clemons was convicted.

The appellant challenges the district court's ruling which permitted appellant's original appointed counsel to testify that he had informed Clemons that his trial was scheduled for the weeks of August 6 and August 13, 1979. He contends that the admission of the testimony violated the attorney-client privilege.

■ An attorney's message to his client concerning the date of trial is not a privileged communication. *U.S. v. Uptain,* 552 F.2d 1108, 1109 (5th Cir. 1977); *cert. denied,* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977); *re Grand Jury Proceedings,* 568 F.2d 555, 557 (8th Cir. 1977), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1977). The attorney-client privilege was not violated.

Federal Drug Enforcement Agent Tony Brooks testified that Clemons was arrested on September 4, 1979, in Cook County, Illinois. Appellant contends that this testimony was irrelevant and hearsay, and should have been excluded.

■■ A trial judge has broad discretion in determining the relevancy of evidence. *U.S. v. Foshee,* 606 F.2d 111, 112 (5th Cir. 1979); *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1036, 62 L.Ed.2d 766 (1980). Hearsay evidence may be admissible if it is used to show a defendant's then existing state of mind. Fed.R.Evid. 803(3). No error was committed. The testimony of Agent Brooks was relevant and admissible to show that Clemons "willfully" failed to make himself available to receive notice of trial. The admission of this testimony was not an abuse of discretion.

■ The appellant contests the sufficiency of the evidence to convict him. The test for the sufficiency of the evidence is whether, "taking the view most favorable to the Government, a reasonably-minded jury could accept the relevant evidence as adequate and sufficient to support the conclu-

sion of the defendant's guilt beyond a reasonable doubt." *U. S. v. Smith*, 548 F.2d 545, 549 (5th Cir. 1977); *cert. denied*, 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977).

■ Appellant argues that the Government failed to prove that he was released pursuant to 18 U.S.C. § 3141. Release under this section is an element of a Section 3150 violation. This Court has considered a similar question in *United States v. Luis*, 418 F.2d 439 (5th Cir. 1969). There, as here, the record did not reflect the authority under which the defendant was released. There also defendant contended that the Government had failed to show that he was released under Section 3146. The Court held that no prejudice was shown where the defendant was well aware that he was on trial for willful failure to appear for trial, thereby breaching the conditions of his release. Here also it appears that appellant was in no way prejudiced or misled by the failure of the Government to prove that he was released pursuant to Section 3141. See *Luis* at 441. Proof of release under Section 3146, although an essential element of the crime, is apparently not required unless the defendant can demonstrate prejudice. See Fed.R.Crim.Pro. 52(a).

The appellant contends that the Government failed to prove that his failure to attend was willful. He also asserts that he did not receive notice that his trial would begin on August 20, 1979.

■ In a Section 3150 violation, circumstantial evidence may be considered in determining willfulness. *United States v. Smith*, supra. A defendant need not have actual notice of the court date. *U. S. v. Bright*, 541 F.2d 471, 476 (5th Cir. 1976); *cert. denied*, 430 U.S. 935, 97 S.Ct. 1560, 51 L.Ed.2d 780 (1977). A defendant's failure to appear because he purposefully engaged in a course of conduct designed to prevent him from receiving notice to appear clearly can be as "willful" as when he receives and deliberately ignores a notice to appear. *Gant v. United States*, 506 F.2d 518, 520 (8th Cir. 1974); *cert. denied*, 420 U.S. 1005, 95 S.Ct. 1449, 43 L.Ed.2d 764 (1975); *United*

*States v. Cohen*, 450 F.2d 1019, 1021 (5th Cir. 1971). A violation of the terms of bond, although not a violation of Section 3150 itself, may be considered in determining willfulness. *U. S. v. Bright, supra*, at 477 n.6; *U. S. v. Gant, supra*, at 521.

■ Clemons' failure to keep his attorney advised of his whereabouts, his failure to contact his attorney, and his violation of the conditions of his release are sufficient to sustain a finding that the appellant's failure to appear at trial was willful. Since actual knowledge of the duty to appear is not required under *Bright* and *Cohen*, although the evidence here falls short of the evidence produced in the cited cases, it cannot be said that the evidence was so slight that the fact finder could not infer "willfulness". The evidence was sufficient to convict.

The record discloses no reversible error. The judgment of the district court is

AFFIRMED.