**In re GRAND JURY SUBPOENA
Donald I. BIERMAN,
Witness-Appellee.**

**Appeal of UNITED STATES of America.**

**No. 84–5344.**

United States Court of Appeals,
Eleventh Circuit.

July 15, 1985.

---

*ties, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

Jon May, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for appellant.

Benedict P. Kuehne, Bierman, Sonnett, Shohat & Sale, Miami, Fla., for witness-appellee.

Richard A. Hamar, for amicus curiae.

Before KRAVITCH and HATCHETT, Circuit Judges, and THOMAS *, District Judge.

HATCHETT, Circuit Judge:

This appeal challenges the district court's partial denial of the government's motion to compel grand jury testimony. We affirm.

---

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

## FACTS

Donald I. Bierman is a lawyer practicing in the Southern District of Florida. On April 23, 1981, the district court sentenced one of Bierman's clients to ten years imprisonment for income tax evasion. Following the execution of a recognizance surety bond and the execution of several corporate surety bonds, totaling $1.5 million, the district court released the client on bond pending appeal. On November 15, 1983, this court issued its judgment affirming the client's conviction.

On November 28, 1983, the district court ordered Bierman's client to surrender on or before January 4, 1984, to begin serving his sentence. The district court sent a copy of the surrender order to the client in care of Bierman. On December 9, 1983, the United States Marshal notified the client of the surrender date by mail. The client failed to surrender as ordered.

On January 6, 1984, the district court declared the client's bail forfeited and issued a warrant for the client's arrest. He was arrested on February 17, 1984.

On February 24, 1984, a grand jury subpoenaed Bierman to appear before it. The grand jury was investigating Bierman's client for allegedly failing to appear as ordered in violation of 18 U.S.C.A. § 3150 (West 1969) (current version at 18 U.S.C.A. § 3146 (West Supp.1985)).

Bierman appeared before the grand jury, invoked the attorney-client privilege, and refused to answer the following grand jury questions:

1. In response to your receipt of the Order On Mandate issued November 28, 1983 and/or the United States Marshal's notice to surrender, did you have any communication(s) with your client....?

2. With reference to the Order on Mandate and/or the Marshal's notice to surrender how many times did you communication [sic] with your client....?

3. On what date(s) did you communication [sic] with [CLIENT] in reference to his surrender notice?

4. Where did the communication(s) occur?

5. What was (were) the method(s) of communication used—telephone, letter, person-to-person or other?

6. On each such communication with reference to [CLIENT's] notice to surrender what did you say to and/or tell [CLIENT]?

The government moved the district court for an order compelling Bierman to answer the grand jury's questions. The district court granted the government's motion with regard to the first five questions, but denied the motion to compel with regard to the last question. The district court concluded that the last question called for "contents of communications which are confidential and thus privileged."

The government did not reconvene the grand jury and call upon Bierman to answer the first five questions. Instead, the government appealed.

## CONTENTIONS OF THE PARTIES

The government contends that the grand jury's last question sought only to determine whether the client knew that he was required to surrender on the specified date; therefore, Bierman's communications to his client concerning the surrender date are not privileged.

The government also argues that the "last link" doctrine is not applicable to preclude disclosure because the nature of the information sought is not confidential, and disclosure would not implicate Bierman's client in tax evasion, the criminal charge for which the client initially sought Bierman's legal advice. The government further asserts that if the client sought legal advice in contemplation of jumping bail, the "crime/fraud" exception to the attorney-client privilege would compel disclosure of the information sought.

Bierman contends that the district court's order compelling his testimony before the grand jury is not appealable. In the alternative, Bierman argues that the grand jury's last question sought disclo-

sure of the nature of communications with his client with regard to the surrender order, not merely disclosure of whether he had informed the client of the surrender date.

Additionally, Bierman argues that the "last link" doctrine prevents disclosure in this case because the information sought would reveal the client's intent to comply or not comply with the surrender order; therefore, to make disclosure would supply the government with the scienter element which it needs to complete its bail-jumping case.

Bierman also argues that to compel disclosure would effectively deny the client his sixth amendment right to counsel.

## ISSUES

The issues which we address are: (1) whether the district court's order is an appealable order; and (2) whether the attorney-client privilege prevents disclosure of the information sought.

## DISCUSSION

### I. Jurisdiction

█ We hold that the district court's order granting in part and denying in part the government's motion to compel Bierman to testify before the grand jury is an appealable order.

Bierman contends that the district court order from which the government appeals is an order compelling testimony and, as such, is not subject to appellate review.

Bierman correctly notes that "an order compelling testimony or denying a motion to quash a subpoena is not appealable." *In Re Grand Jury Proceedings in Matter of Fine (Fine)*, 641 F.2d 199, 201 (5th Cir. Unit A 1981).[1] Bierman's reliance upon this general rule is, however, misplaced. This appeal does not challenge that portion of the district court's order which grants its motion to compel Bierman to testify before the grand jury. Rather, the appeal challenges that portion of the district court's order which denied its motion to compel Bierman's testimony. This issue is, therefore, controlled by *In Re Grand Jury Subpoena (Kent)*, 646 F.2d 963, 967 (5th Cir. Unit B 1981).

The appellee in *Kent* challenged our jurisdiction to review a district court order partially quashing a grand jury subpoena duces tecum. We assumed jurisdiction to review the district court's order on the alternative grounds that the order excluded evidence within the meaning of 18 U.S.C.A. § 3731 (West Supp.1985) or was a "final" decision within the meaning of 28 U.S.C.A. § 1291 (West Supp.1985).[2] *Kent*, 646 F.2d at 968.

Each of the three grounds Bierman urges were rejected in *Kent*. First, Bierman contends that the district court's order is not appealable because it does not quash a grand jury subpoena. The fact that the district court's order is styled "Order Compelling Grand Jury Testimony" does not negate the fact that the order partially denied the government's motion to compel. It had the effect of partially quashing the

---

**1.** Decisions of the Fifth Circuit rendered prior to October 1. 1981, are binding precedent in the Eleventh Circuit until overruled by this court sitting en banc. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

**2.** Title 18 U.S.C.A. § 3731 provides in pertinent part:

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

. . . .

The provisions of this section shall be liberally construed to effectuate its purposes. Title 28 U.S.C.A. § 1291 provides in pertinent part:

The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . .

subpoena. An order partially denying a motion to compel testimony is, for the purposes of addressing this court's jurisdiction, the equivalent of an order partially quashing a grand jury subpoena. *See Fine*, 641 F.2d at 201. Here, as in *Kent*, the fact that the order does not quash a grand jury subpoena is of no significance.

Next, Bierman argues that the district court's order is not "final" and appealable because it does not terminate the grand jury proceedings. *See* 28 U.S.C.A. § 1291. By requiring that Bierman answer questions one through five, the district court's order implicitly envisions that further proceedings will be conducted. In *Kent*, we expressly rejected this argument that the potential for further proceedings defeats the finality of the district court's order. *Kent*, 646 F.2d at 968.

Additionally, Bierman argues that the district court's order is not appealable because it does not exclude evidence from the grand jury. *See* 18 U.S.C.A. § 3731. Rather, the district court's order compelling testimony enables the grand jury to continue its investigation. Bierman urges the government to reconvene the grand jury and permit him to answer the first five questions because those responses may eliminate the grand jury's need for his response to the last question. The government argues that even assuming that Bierman answers the first five questions, his responses would be of no use to the grand jury absent an answer to the last question. Bierman implicitly recognizes this by arguing that his answer to the question would provide the "last link" in the government's bail-jumping case. Thus, both parties recognize that, as a practical matter, the district court's order excludes evidence within the meaning of 18 U.S.C.A. § 3731.

We hold that, under *Kent*, the district court's order denying in part the government's motion to compel Bierman to testify before the grand jury is an appealable order.

## II. Attorney-Client Privilege

The district court denied the government's motion to compel Bierman to answer the last grand jury question on the ground that the information sought is privileged.

 The burden of proof is upon Bierman, as the party invoking the attorney-client privilege, to establish (1) the existence of an attorney-client relationship and (2) the confidential nature of the information sought. *In re Grand Jury Proceedings in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir.1983). It is undisputed that an attorney-client relationship existed between Bierman and the client. Thus, we focus upon the nature of the information sought by the grand jury.

 In *United States v. Clemons*, 676 F.2d 124, 125 (5th Cir. Unit B 1982), the court held that "[a]n attorney's message to his client concerning the date of trial is not a privileged communication." [3] The government argues that under *Clemons*, Bierman must disclose whether he communicated the surrender date to the client. *Clemons* does not, however, apply to this case. The challenged question asks more than whether Bierman gave the client notice of the surrender date. The question asked: What did you say to or tell your client about the notice to surrender? It takes only a little imagination to recognize the numerous possible answers that would involve legal advice of the most sensitive nature. Communications between an attorney and his client made for the purpose of securing legal advice are protected under the attorney-client privilege. *In Re Grand Jury Proceedings (Twist)*, 689 F.2d 1351, 1352 (11th Cir.1982).

 If the government wanted to know only whether Bierman had advised his client of the surrender date, it should have asked him that directly and precisely. We note that after the district court's ruling,

---

**3.** Decisions of the Fifth Circuit Unit B rendered after September 30, 1981, are binding precedent in the Eleventh Circuit until overruled by this court sitting en banc. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982).

the government did not call Bierman before the grand jury to answer the narrower question of whether he informed the client of the surrender date. We agree with the district court: The information sought is privileged.

Even assuming that the information which the government seeks is not privileged, the challenged question is, nevertheless, improper. "A narrow exception to [the general rule of disclosure of non-privileged communications] obtains when disclosure of the [communication] would supply the last link in an existing chain of incriminating evidence likely to lead to the client's indictment." *Twist*, 689 F.2d at 1352–53 (approving the reasoning of *In re Grand Jury Proceedings (Pavlick)*, 680 F.2d 1026 (5th Cir. Unit A 1982) (en banc)).

Both *Twist* and *Pavlick* rely upon *In re Grand Jury Proceedings (Jones)*, 517 F.2d 666 (5th Cir.1975). The issue in *Jones* was whether an attorney could avoid disclosing his client's identity by invoking the attorney-client privilege. *Jones* held that as a general rule, a client's identity is not privileged information. *Jones* recognized an exception, however, where "so much of the substance of the communications is already in the government's possession that additional disclosures would yield substantially probative links in an existing chain of inculpatory events or transactions." *Jones*, 517 F.2d at 674. The test is not whether disclosure would lead automatically to conviction. Rather, the essence of the analysis is to determine whether the information sought is logically relevant and probative. *Jones*, 517 F.2d at 672.

The government urges us to adopt a formulation of the "last link" doctrine as a "particularized application" of the general rule of nondisclosure of privileged communications. The government focuses upon those cases in which an attorney is required to disclose his client's identity, and urges us to adopt the following narrow definition of the doctrine:

where the contents of an otherwise privileged communication are known, but the identities of those involved are not, an attorney may not be forced to disclose evidence that would connect the party to his communication. *In re Grand Jury Proceedings (Gordon)*, 722 F.2d 303, 307 (6th Cir.1983), *cert. denied*, [— U.S. ——] 104 S.Ct. 3524, [82 L.Ed.2d 831] (1984), citing *N.L.R.B. v. Harvey*, 349 F.2d 900, 905 (4th Cir.1965). (Footnote omitted).

We decline this invitation. Our cases have interpreted the "last link" doctrine as an exception to the general rule of disclosure of non-privileged communications. *Twist; Jones.* We adhere to that line of precedent.

The information which the grand jury sought here falls within the "last link" exception to disclosure of non-privileged communications. To sustain a conviction under 18 U.S.C.A. § 3150, the government must show that Bierman's client *willfully* failed to surrender himself on the surrender date. "Willfulness" may be established by demonstrating that the client received notice of the surrender date and deliberately chose not to appear. *See generally United States v. Clemons*, 676 F.2d 124, 126 (5th Cir. Unit B 1982).

■ The grand jury was aware that the client had been ordered to surrender on a specified date and that the client failed to surrender as ordered. Thus, the only element missing in the government's case was the element of "willfulness." The information sought via the challenged question is highly relevant to and probative of this issue. Bierman's response to the challenged question could have provided the grand jury with the evidence which it needed to establish "willfulness." Under these circumstances, we hold that, under the "last link" doctrine, the information sought by the challenged question was protected from disclosure.[4]

**AFFIRMED.**

---

**4.** In light of our disposition of the attorney-client privilege issue, we do not address Bier- man's argument that to compel disclosure of the

information sought would deny his client the sixth amendment right to counsel.