In re GRAND JURY SUBPOENA.

Donald I. BIERMAN, Witness-Appellee,

v.

UNITED STATES of America,
Appellant.

No. 84–5344.

United States Court of Appeals,
Eleventh Circuit.

May 13, 1986.

Jon May, Linda Collins-Hertz, Lawrence H. Sharf, Asst. U.S. Atty., Miami, Fla., for appellant.

Benedict P. Kuehne, Miami, Fla., for witness-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

## ON PETITION FOR REHEARING

(Opinion July 15, 1985, 11 Cir.,
765 F.2d 1014).

PER CURIAM:

Our discussion of the "last link" doctrine in Section II of our opinion reported at 765 F.2d 1014, 1019 (11th Cir.1985) was an alternative holding and, therefore, was not determinative of our disposition of the case. On petition for rehearing, we vacate section II, 765 F.2d at 1018–19, and insert the following:

II. Attorney-Client Privilege

The district court denied the government's motion to compel Bierman to answer the last grand jury question on the ground that the information sought is privileged.

The burden of proof is upon Bierman, as the party invoking the attorney-client privilege, to establish (1) the existence of an attorney-client relationship and (2) the confidential nature of the information sought. *In re Grand Jury Proceed-*

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

*ings in Matter of Freeman*, 708 F.2d 1571, 1575 (11th Cir.1983). It is undisputed that an attorney-client relationship existed between Bierman and the client. Thus, we focus upon the nature of the information sought by the grand jury.

In *United States v. Clemons*, 676 F.2d 124, 125 (5th Cir. Unit B 1982), the court held that "[a]n attorney's message to his client concerning the date of trial is not a privileged communication."[3] The government argues that under *Clemons*, Bierman must disclose whether he communicated the surrender date to the client. *Clemons* does not, however, apply to this case.

*United States v. Freeman*, 519 F.2d 67, 68 (9th Cir.1975) is not to the contrary. The evidence sought to be elicited from the defendant's attorney in *Freeman* was not protected under the attorney-client privilege because "[i]t simply related to whether [the attorney] had advised his client of the court's order to appear."[4] The challenged question here asks more than whether Bierman gave the client notice of the surrender date. The question asked: What did you say to or tell your client about the notice to surrender? It takes only a little imagination to recognize the numerous possible answers that would involve legal advice of the most sensitive nature. Communications between an attorney and his client made for the purpose of securing legal advice are protected under the attorney-client privilege. *In Re Grand Jury Proceedings (Twist)*, 689 F.2d 1351, 1352 (11th Cir.1982).

3. Decisions of the Fifth Circuit Unit B rendered after September 30, 1981, are binding precedent in the Eleventh Circuit until overruled by this court sitting en banc. *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982).

4. The attorney in *Freeman* was asked:
[Did you a]dvise the Court that you wrote [your client] a letter ... advising her that her case would be on calendar today ...?
\*    \*    \*    \*    \*    \*
Did you further state to the Court ... that you had discussed the court appearance ... with your client via telephone advising her that she had an appearance ...?

If the government wanted to know only whether Bierman had advised his client of the surrender date, it should have asked him that directly and precisely. We note that after the district court's ruling, the government did not call Bierman before the grand jury to answer the narrower question of whether he informed the client of the surrender date.[5] We agree with the district court: The information sought is privileged.[6]

AFFIRMED.

*Freeman*, 519 F.2d at 69 n. 9.

5. On petition for rehearing the government concedes that the question should have been "narrowed to require Attorney Bierman to disclose only whether he had advised client of the surrender date...."

6. In light of our disposition of the case, we do not address Bierman's "last link" doctrine argument or his argument that to compel disclosure of the information sought would deny his client the sixth amendment right to counsel.