819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Davis SAVAGE, Defendant-Appellant.
 No. 865618.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1987.
Decided May 20, 1987.
 
 Before SPROUSE and WILKINS, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 John Frank Hardaway, for appellant.
 Joseph R. McCrorey, Assistant United States Attorney; (Vinton D. Lide, United States Attorney; Robert H. Bickerton, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Donald Davis Savage appeals from his conviction for failure to appear at a bond hearing on July 10, 1984, in violation of 18 U.S.C. Sec. 3150.[1] We affirm.
 
 
 2
 Savage was freed on bond in October 1979, pending the appeal of his conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The appeals process was extensive, but Savage ultimately lost. The Fourth Circuit reversed his conviction originally, Sharpe v. United States,[2] 660 F.2d 967 (4th Cir.1981), and again on remand from the Supreme Court, Sharpe v. United States, 712 F.2d 65 (4th Cir.1983). The Supreme Court, however, reversed the Fourth Circuit and reinstated Savage's conviction. United States v. Sharpe, 470 U.S. 675 (1985).
 
 
 3
 Larry G. Turner was Savage's attorney both at trial and on appeal of his conviction on the drug charge. On July 2, 1984, the Clerk of the Court for the District of South Carolina notified Turner by telephone that a bond hearing would be held in Columbia, South Carolina, on July 10, 1984. Written notice was mailed to Turner the same day. Turner attended the hearing, but Savage failed to appear. In response to the court's inquiry, Turner stated at the bond hearing:
 
 
 4
 All right, ... this case is a 1978 case. Since it has been on appeal, as your honor is aware, it's gone up and down several times. And Mr. Savage stayed in touch with me in Columbia at various stages, but on no regular basis; he wasn't required to and just didn't. I heard from him when the Fourth Circuit last passed on the case. I don't know how he got word of it, but he called and had heard. I told him yes, and I thought we had finally won. And that was the end of it. He was interested in securing his bond money back. He has a deposit bond, if I recall, with this Court.
 
 
 5
 I explained to him the options that the government had and I did not hear from him then for a period, until recently. He contacted me, and said he had--my recollection is, he said he had read, or someone had read, in the New York Times, that the Supreme Court had agreed to review the case which he knew was good news, from his point of view. That's called a little bit of knowledge, your honor. And I explained to him how I had a contrary view as to whether or not it was good news, from his point of view.
 
 
 6
 I also told him your office had called. At that point I don't think I had received this notice. That sort of gives us an idea of the date. Your office had called and there was to be some sort of hearing. The message was, "Bond." All I had was a note "Bond Hearing", and the notice was to come in my office, and stay in touch with me.
 
 
 7
 He did that. We talked two or three times since then as recently as last Friday. And it was my expectation, as of last Friday, that he was going to be here, but he was to have contacted me again Friday afternoon, which he did. And I was in conference or something. And the secretary called, and said he called me over the weekend at home, and that was the last I heard of him. He has not called again. And he is not here.
 
 
 8
 After Savage failed to appear at the 1984 bond hearing, a warrant was issued for his arrest. He was arrested in Atlanta, Georgia, in October 1985 and returned to South Carolina for trial for failure to appear at the bond hearing.
 
 
 9
 The government was unable to obtain Turner's presence to testify at Savage's trial, but introduced Turner's 1984 statement pursuant to the parties' stipulation that Turner would testify the same if present. It is conceded that the government's purpose in introducing Turner's statement was to establish that Savage had notice of the bond hearing. Savage objected to the introduction of Turner's statement, claiming that it violated the attorney-client privilege. Fed.R.Evid. 501. The district court overruled Savage's objection on the ground that the statement concerned matters of procedure not within the privilege. The jury returned a verdict of guilty.
 
 
 10
 On appeal, Savage reasserts his contention that the introduction of Turner's statement violates the attorney-client privilege. He also contends that its admission denied him his right to effective assistance of counsel. We disagree with both contentions and affirm.
 
 
 11
 Communications between attorney and client to inform the client of a court appearance are not privileged communications. United States v. Hall, 346 F.2d 875, 882 (2d Cir.), cert. denied, 382 U.S. 910 (1965). See also United States v. Clemons, 676 F.2d 124, 125 (5th Cir.1982); In re Grand Jury Proceedings, Des Moines, Iowa, 568 F.2d 555, 557 (8th Cir.1977), cert. denied, 435 U.S. 999 (1978); United States v. Freeman, 519 F.2d 67, 68 (9th Cir.1975); United States v. Bourassa, 411 F.2d 69, 74 (10th Cir.), cert. denied, 396 U.S. 915 (1969). The attorney is acting as a conduit of information for the court, not providing confidential legal advice. Turner's statement related to whether Savage had notice of the bond hearing--it did not disclose confidential information. The district court therefore did not err in allowing Turner's statement to be read to the jury.
 
 
 12
 Allowing the statement to be introduced into evidence did not compromise Savage's right to counsel. In United States v. Hall, defense counsel at the bail jumping trial testified briefly for the prosecution that he had informed the defendant of his required presence in court. The court found that no "material interference with his effective conduct of the defense" occurred. Hall, 346 F.2d at 882. There is even less reason to find a violation of the sixth amendment here, since Savage was represented by different counsel in the bond jumping trial.
 
 
 13
 For the above reasons, the judgment of the district court is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 3150 was repealed effective October 12, 1984, by Pub.L. No. 98-473, 98 Stat. 1976. 18 U.S.C. Sec. 3146 is the current statute providing penalties for failure to appear
 
 
 [2]
 William Sharpe was a co-defendant on the drug charge