**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth Richard INNELLA, Defendant-Appellant.**

**No. 86–8536
Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 21, 1987.

John R. Martin, Atlanta, Ga., for defendant-appellant.

Janet F. King, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Kenneth Innella was charged in a one count indictment with failure to appear to begin serving a lawfully imposed sentence in violation of former 18 U.S.C. § 3150 (1982). Prior to his trial Innella filed a motion in limine to prevent the admission of testimony by his former attorney, Patrick McAndrew, that he had informed Innella of the proper surrender date. The district court denied the motion on the ground that such a communication was not protected by the attorney-client privilege. After a bench trial on stipulated facts, the district court found Innella guilty of violating former 18 U.S.C. § 3150 and sentenced him to serve one year and one day, consecutive to the federal sentence he was already serving. We affirm.

Innella concedes that an attorney's notification to his client concerning the date by which his appearance is required is not protected by the attorney-client privilege. *In re Grand Jury Subpoena of Bierman,* 788 F.2d 1511, 1512 (11th Cir.1986), *modifying* 765 F.2d 1014 (11th Cir.1985); *U.S. v. Clemons,* 676 F.2d 124, 125 (5th Cir. Unit B 1982); *U.S. v. Freeman,* 519 F.2d 67, 68 (9th Cir.1975). He argues, however, that McAndrew's testimony is inadmissible under the "last link" doctrine, which was first recognized by this circuit in *In re Grand Jury Proceedings (Jones),* 517 F.2d 666 (5th Cir.1975), because such testimony was the only evidence that the government could produce that he had failed to turn himself in "knowingly and willfully," as required by § 3150.

In *Jones* the Fifth Circuit recognized the general rule that the identity of a client and matters relating to the receipt of fees by or on behalf of a client are not protected by the attorney-client privilege. *Id.* at 670–71. The court held, however, that an attorney could not be forced to reveal his client's identity if "so much of the substance of the communications is already in the government's possession that additional disclosures would yield substantially probative links in an existing chain of inculpatory events or transactions." *Id.* at 674. The court warned, though, that it had "carved out only a limited and rarely available sanctuary." *Id.* at 671.

Since *Jones* this court has applied the last link exception only to situations "where the disclosure of fee information would give the identity of a previously undisclosed client/suspect." *In re Grand Jury Subpoena of Slaughter,* 694 F.2d 1258, 1260 (11th Cir.1982); *see also In re Grand Jury Investigation (Harvey),* 769 F.2d 1485, 1487 (11th Cir.1985); *In re Grand Jury Proceedings (Twist),* 689 F.2d 1351, 1352 (11th Cir.1982). McAndrew, acting as an officer of the court, notified his client of the proper date that he should turn himself in. We decline to extend the last link exception to this type of situation. As the Supreme Court has explained, "exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon,* 418 U.S. 683, 710, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974); *see also In re Grand Jury Subpoena of Santarelli,* 740 F.2d 816, 817 (11th Cir.1984) (per curiam); *Ealy v. Littlejohn,* 569 F.2d 219, 226 (5th Cir.1978).[1]

AFFIRMED.

---

1. Innella's Sixth Amendment claim is also without merit.