**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4019**

———————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  versus

ROBERT GAULDEN,

  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Catherine C. Blake, District Judge. (CR-00-008-CCB)

———————

Submitted:  April 15, 2004          Decided:  April 20, 2004

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Samuel J. Randall, IV, Wilmington, North Carolina, for Appellant. Thomas M. DiBiagio, United States Attorney, Craig M. Wolff, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Franklin Gaulden was convicted of possession with intent to distribute marijuana, 21 U.S.C. § 841(a) (2000) and failure to appear, 18 U.S.C. § 3146 (2000). Gaulden's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue on appeal, but stating that, in his view, there are no meritorious issues for appeal. Gaulden was informed of his right to file a pro se supplemental brief but has failed to do so.

Gaulden failed to appear for his initial trial date in 2001. At trial after his apprehension, counsel from the proceedings leading to the 2001 trial date testified it was inconceivable that he failed to inform Gaulden of the trial date. Gaulden asserts the district court erred in permitting testimony that violated the attorney client privilege. There is no attorney client privilege applicable to the communication of trial dates. United States v. Gray, 876 F.2d 1411, 1415-16 (9th Cir. 1989); United States v. Innella, 821 F.2d 1566, 1567 (11th Cir. 1987); United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gaulden's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED