NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided August 3, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Nos. 06-3522 & 06-3896

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee, Cross-Appellant,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04-CR-950-1 |
| DEBORAH AHMAD BEY, *Defendant-Appellant, Cross-Appellee.* | Wayne R. Andersen, *Judge.* |

**O R D E R**

Deborah Ahmad Bey was convicted after a jury trial on seven counts of making false statements in a bankruptcy proceeding. *See* 18 U.S.C. § 152(3). Although the guidelines imprisonment range was 33 to 41 months, the district court sentenced her to only three months. Ahmad Bey challenges her convictions on appeal, and the government cross-appeals, arguing that the three-month sentence

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. Ap.. P. 34(a)(2).

of imprisonment is unreasonably short. We affirm the convictions, but remand for resentencing.

Ahmad Bey, a registered nurse and former Chicago police officer, filed for bankruptcy in 1999 and again in 2003, attaching verified financial schedules to each petition. Those filings were not truthful; Ahmad Bey failed to disclose that she ran a company that rented low- and moderate-income housing in Chicago, and she also understated her income, her assets in an assortment of bank accounts, and the proceeds from the sale of property. These deceptions went undetected during the bankruptcy proceedings, and although the bankruptcy court dismissed Ahmad Bey's 1999 petition because the court disapproved of her reorganization plan, Ahmad Bey obtained a discharge of debts totaling nearly $132,500 during her 2003 case.

Ahmad Bey was later indicted when her false statements came to light. She represented herself at trial. Although the district court agreed with the probation officer's calculation of the imprisonment range, the court imposed just three months' imprisonment, three years of supervised release, $132,486 in restitution, and $700 in special assessments.

On appeal Ahmad Bey first challenges the sufficiency of the evidence because, she says, the government did not establish that she intentionally falsified the filings. In her view, the evidence shows only that her attorneys were at fault for the inaccuracies because, she maintains, they did not ask her for updated information before submitting the filings. In challenging the sufficiency of the evidence, Ahmad Bey faces the "heavy burden" of demonstrating that, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Wortman*, No. 06-4168, 2007 WL 1651088, at * 3 (7th Cir. June 8, 2007); *United States v. Hendrix*, 482 F.3d 962, 966 (7th Cir. 2007). When reviewing the sufficiency of the evidence, we will not second-guess a jury's credibility determination. *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007). Ahmad Bey has not identified insufficient evidence, but rather attacks only the credibility of the government's witnesses. The two lawyers who filed Ahmad Bey's bankruptcy petitions each testified that they ask their clients questions that would have elicited the undisclosed information and that they verify the information with their clients before submitting the filings to the bankruptcy court. Ahmad Bey argues that the lawyers did not follow those procedures and that the lawyers' testimony should be disregarded. She made the same argument at trial, but the jury was not persuaded. We decline Ahmad Bey's invitation to reassess the credibility of the witnesses.

Ahmad Bey next argues that the district court should have suppressed evidence acquired when federal agents questioned her. We understand her argument (as did the district court) as contending that her statements were obtained during an interrogation that required the investigators to first inform her of her rights as required under *Miranda v. Arizona*, 384 U.S. 436 (1966). But a suspect is entitled to *Miranda* warnings only if that suspect is in custody so that her movements are restrained to a degree associated with a formal arrest. *United States v. Abdulla*, 294 F.3d 830, 834 (7th Cir. 2002). Ahmad Bey was not taken into custody until after the interview, and therefore was not entitled to *Miranda* warnings. Moreover, the government agreed not to submit to the jury any statements that Ahmad Bey made at the interview and Ahmad Bey does not allege that the government broke their agreement.

We can quickly dispose of Ahmad Bey's remaining arguments. She argues that the district court should not have rejected her claim of privilege and allowed the government to call as witnesses the attorneys she hired to file her bankruptcy petitions. But information provided to an attorney in anticipation of a bankruptcy filing is not intended to be held in confidence and therefore is not privileged. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); *see also United States v. Frederick*, 182 F.3d 496, 500 (7th Cir. 1999) (holding that information furnished to preparer of tax return is not privileged). Ahmad Bey also argues that the government knowingly presented false evidence to the grand jury to obtain her indictment. She has no evidence of misconduct, but even if she did, the jury's guilty verdicts render harmless any possible errors before the grand jury. *United States v. Mechanik*, 475 U.S. 66, 941-42 (1986); *United States v. Morgan*, 384 F.3d 439, 443 (7th Cir. 2005). Finally, Ahmad Bey contends that the criminal charges were barred by the doctrine of claim preclusion because the bankruptcy court already discharged her debts in a prior proceeding. But the claims raised in the bankruptcy proceedings were not identical to those raised in the criminal case and, therefore, the discharge does not preclude a subsequent criminal prosecution. *United States v. Kunzman*, 125 F.3d 1363, 1366 (7th Cir. 1997); *United States v. Tatum*, 943 F.2d 370, 382 (4th Cir. 1991).

Turning to the cross appeal, the government argues that the three-month sentence imposed by the district court is unreasonably low. In assessing a challenge to the sentence imposed by a district court, we ask whether the sentence is supported by adequate reasons and is substantively reasonable. *United States v. Repking*, 467 F.3d 1091, 1094 (7th Cir. 2006); *United States v. Wallace*, 548 F.3d 606, 609 (7th Cir. 2006). When the sentence imposed deviates from the guidelines range, the explanation provided by the court must be proportional to the deviation. *Wallace*, 458 F.3d at 613. The sentencing court may not rely on a disagreement with congressional policy reflected in the sentencing guidelines. *United States v.*

*Goldberg,* No. 07-1393, 2007 U.S. App. LEXIS 15232, at \*\*14-15 (7th Cir. June 27, 2007); *United States v. Gonzales*, 462 F.3d 754, 755 (7th Cir. 2006).

Here, the district court, in part, based its sentencing determination on a disagreement with the sentencing guidelines. The court stated that it disagrees with the application of U.S.S.G. § 2B1.1(b)(8)(B), which requires a two-level upward adjustment if an offense covered by § 2B1.1 involves bankruptcy fraud. In the court's view, the adjustment is not warranted because fraudulent conduct "is the essence of" a violation of § 152(3). So it is, but § 2B1.1 covers a vast array of fraud and property crimes, *see* U.S.S.G. § 2B1.1 intro. cmt. (listing statutes to which § 2B1.1 applies), and the point of subsection (b)(8)(B) is to tailor the offense level to one crime within that array, bankruptcy fraud. *See* U.S.S.G. § 2B1.1 bkgd. cmt (noting that "most fraud statutes cover a broad range of conduct with extreme variations in severity," and therefore § 2B1.1 is designed to account for characteristics of specific offense). Rather than disagreeing with a congressional policy, the sentencing court must impose a sentence based on characteristics found in the particular case. *See Goldberg*, No. 07-1393, 2007 U.S. App. LEXIS 15232, at \*14-15; *Wallace*, 458 F.3d at 611.

The district court also determined that the guidelines sentence seemed disproportionally high compared to other cases that the court had seen. While a sentencing court may consider under 18 U.S.C. § 3553(a)(6) whether a sentence would create an unwarranted disparity among similar defendants, "a sentencing *difference* is not a forbidden 'disparity' if it is justified by legitimate considerations." *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006) (emphasis in original). A difference between sentences that results only because of differences in proper guidelines calculations is not unwarranted under § 3553(a)(6). *United States v. Duncan*, 479 F.3d 924, 929 (7th Cir. 2007); *Boscarino*, 437 F.3d at 638. Here the district court did not indicate how the disparity it noted between sentences in prior unrelated cases was "unwarranted," or whether those other cases involved "defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see Duncan*, 479 F.3d at 929.

The district court, indeed, noted a number of factors on which it relied in deciding to impose a sentence far below the guidelines range, but as we have explained, some of those factors were inappropriate. The court's reliance on these inappropriate factors led it to impose an unreasonably low sentence. Therefore, Ahmad Bey's convictions are AFFIRMED, but the sentences are VACATED, and the case is REMANDED for resentencing.