NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 20, 2008
Decided August 25, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 06-3522 & 06-3896

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee, Cross-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 04 CR 950 |
| DEBORAH AHMAD BEY, | |
| *Defendant-Appellant, Cross-Appellee*. | Wayne R. Andersen, |
| | *Judge*. |

### O R D E R

In an unpublished order, we held that Deborah Ahmad Bey's three-month sentence of imprisonment for making false statements in her bankruptcy jury trial was unreasonably short, and remanded for resentencing. *United States v. Ahmad Bey*, 244 F. App'x 57, 58 (7th Cir. 2007). The Supreme Court granted Bey's petition for a writ of certiorari, vacated our judgment, and remanded the case to us for reconsideration in light of *Gall v. United States*, 128 S. Ct. 586 (2007). *See Bey v. United States*, 128 S. Ct 2089 (2008). In *Gall*, the Supreme Court held that appellate courts may not presume sentences outside the guidelines range are unreasonable, and that we may not use a rigid formula for determining whether an out-of-guidelines sentence is justified. *Gall*, 128 S. Ct. at 594-95, 597. But we did not use either

of those approaches prior to *Gall*. *See United States v. McIlrath*, 512 F.3d 421, 426 (7th Cir. 2008). Nor did we apply either approach previously in resolving this case. Our earlier analysis is therefore unaffected by *Gall*, and our earlier order that the district judge resentence the defendant remains correct.