In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2810

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEBORAH AHMAD BEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 156-1—**Sharon Johnson Coleman**, *Judge.*

ARGUED JULY 8, 2014 — DECIDED DECEMBER 2, 2014

Before WOOD, *Chief Judge*, and BAUER and HAMILTON,
*Circuit Judges*.

HAMILTON, *Circuit Judge*. Deborah Ahmad Bey appeals
her 2010 conviction for failing to surrender to prison authori-
ties. She contends her conviction was based on evidence of a
privileged and inadmissible attorney-client communication
telling her when she had been ordered to report for prison.

We have not addressed this issue in a precedential opinion before. We follow our colleagues in other circuits and hold that the lawyer's communication of the defendant's surrender date was not a privileged communication. See, e.g., *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989); *United States v. Innella*, 821 F.2d 1566, 1567 (11th Cir. 1987). We therefore affirm.

*Factual and Procedural Background*

This appeal has its roots in Bey's 2006 conviction for making false statements in a bankruptcy proceeding. Bey received a below-guidelines sentence of three months in prison. She appealed that conviction, prompting a cross-appeal by the government. We affirmed her conviction but agreed with the government that the sentence was too low and remanded for resentencing. See *United States v. Bey*, 244 Fed. App'x 57, 59 (7th Cir. 2007). The Supreme Court granted certiorari and remanded for reconsideration in light of *Gall v. United States*, 552 U.S. 38 (2007). 553 U.S. 1016 (2008). We concluded that our earlier decision was not affected by *Gall*. *United States v. Bey*, 289 Fed. App'x 954, 955 (7th Cir. 2008), and the Supreme Court then denied certiorari. 555 U.S. 1203 (2009).

When the parties returned to the district court in 2008, the court resentenced Bey to 24 months in prison. The court ordered her to self-surrender. The district judge twice changed Bey's surrender date. After the second extension in October 2008, Bey's lawyer, Kent Anderson, mailed her a

one-page letter enclosing the court's order resetting her surrender date to December. When Bey did not surrender, an arrest warrant was issued. After eluding federal agents for a year, she was arrested and charged with knowingly failing to surrender to serve her sentence. See 18 U.S.C. § 3146(a)(2).

Bey moved to dismiss her indictment and to suppress evidence that attorney Anderson notified her of the December self-surrender date because, she asserted, it was a privileged communication. Judge Shadur denied the motion in a concise and persuasive order explaining that a lawyer's message telling a defendant when she must appear to comply with a court order is not protected by the attorney client privilege. The order noted that our circuit had not decided the issue but others had, citing *United States v. Kinsella*, 545 F. Supp. 2d 148, 155–56 (D. Maine 2008), which collected applicable case law.

The parties proceeded to a bench trial before Judge Coleman. Bey appeared pro se. During the trial Bey objected to testimony from Anderson about any conversations they had and to the admission his letter to Bey in October 2008. Judge Coleman agreed with Judge Shadur on the privilege issue and overruled the objection, allowed Anderson to give limited testimony, and after redacting part of the letter admitted three sentences from it. Anderson testified that he wrote the letter on October 3, 2008 and sent it to Bey. The three admitted sentences from the letter said: "I have enclosed a copy of Judge Andersen's order changing the date for you to report to prison. You are now supposed to report to prison or the local Marshal's office on December 8, 2008.

* * * Please contact me if you have any questions or concerns regarding your appeal." The enclosed order directed Bey to "surrender to the institution designated by the Bureau of Prisons on December 8, 2008."

The court convicted Bey of knowingly failing to surrender for service of her sentence in violation of 18 U.S.C. § 3146(a)(2). The court sentenced her to 26 months in prison. Because she had already served that much time, she was released immediately. Bey now appeals her conviction.

*Analysis*

The only issue on appeal is whether the lawyer's letter to Bey was protected by the attorney-client privilege, so that neither it nor his testimony about the letter should have been admitted at trial. Bey correctly notes that 18 U.S.C. § 3146(a)(2) punishes only those who "knowingly" fail to surrender. Disclosure of the letter and related testimony, Bey concludes, unjustifiably invaded the privilege to prove a critical element of her offense—knowledge of her surrender date.

Confidential communications between a client and her lawyer for the purpose of receiving legal advice are protected by the attorney-client privilege. *United States v. Leonard-Allen*, 739 F.3d 948, 952 (7th Cir. 2013); *United States v. BDO Seidman*, 337 F.3d 802, 810-11 (7th Cir. 2003). This court reviews *de novo* the scope of the attorney-client privilege. *Leon-*

*ard-Allen*, 739 F.3d at 952; *Shaffer v. American Medical Ass'n*, 662 F.3d 439, 446 (7th Cir. 2011).

We have not previously addressed this question, but other circuits have held consistently that the attorney-client privilege does not apply to communications of the date that a defendant is required to appear in court or to serve a sentence. These courts reason that a lawyer's communication to a client of the terms of a public court order is simply not confidential advice. See *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989) (agreeing that lawyer could testify that he informed client of sentencing date); *United States v. Innella*, 821 F.2d 1566, 1567 (11th Cir. 1987) (lawyer's notice to client of surrender date was not privileged); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir. 1969) (same); *United States v. Hall*, 346 F.2d 875, 882 (2d Cir. 1965) (same); see also *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (applying same rule to lawyer's communications to client about court dates and mailings of applications for default judgment in civil case).

We agree with the reasoning of our colleagues in these circuits and conclude that admitting the portion of Anderson's letter and his testimony authenticating it did not invade the attorney-client privilege. Anderson merely forwarded from the court to his client the public information in a court order. The fact that Anderson was Bey's lawyer did not transform the transmission of this information into confidential legal advice.

Bey contends, though, that the second sentence of the letter did more than just transmit an order. It admonished her that she was "now supposed to report" to prison or the Marshals office on December 8, so she contends it gave her legal advice about the order's meaning. See *United States v. Bauer*, 132 F.3d 504, 508 (9th Cir. 1997) (holding that a lawyer's advice to his client about the legal requirements for truthful disclosures in bankruptcy proceedings was privileged). The argument attributes too much depth to the letter. The order itself directed Bey to "surrender" to prison, and the letter just repeated that direction by reciting that she was "supposed to report." That is not confidential legal advice.

The government also argues that additional evidence of Bey's knowledge that she was a fugitive was so strong that erroneous admission of the lawyer's letter would have been harmless. The harmless error argument is strong, but we do not reach it because there was no error.

AFFIRMED.