**In the Matter of the GRAND JURY EMPANELLED MARCH 19, 1980.**

Misc. No. 80–53.

United States District Court, D. New Jersey.

Feb. 4, 1981.

William W. Robertson, U. S. Atty. by James P. Ulwick, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Checki & Politan by Glenn T. Leonard, Lyndhurst, N. J., for Milton Reid.

SAROKIN, District Judge.

The court has been called upon to determine the extent to which the Fifth Amendment allows the target of a grand jury investigation to resist the production of business records sought by the grand jury by a subpoena *duces tecum*. The issue arises upon the motion of the target, Mr.

Milton Reid, to quash five subpoenas directing him to turn over documents and records relating to the operation of several businesses of which he is the sole proprietor. For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

In the fall of 1980, a United States Grand Jury began an investigation into alleged fraudulent activity relating to the submission of bids, bid bonds, and price quotes by various companies to Hudson County and municipal entities of Hudson County. In addition, the grand jury is delving into the awarding of bids and contracts by Hudson County and the municipalities to these companies, and the alleged diversion of income by these companies to circumvent the Internal Revenue laws. The investigation to date has centered around the involvement of Mr. Reid and of his several companies which do business with these municipal entities. Each of the companies involved is a sole proprietorship owned by Mr. Reid.

On November 19, 1980, the grand jury issued two subpoenas to Mr. Reid requiring production of (1) the telephone toll records of several companies of which he is a principal, and (2) "all records including but not limited to bank statements, cancelled checks, check stubs and deposit tickets, for the period January 1, 1977 to present" for four accounts held by Mr. Reid or his companies.

On November 25, 1980, the grand jury issued a subpoena to Mr. Reid calling for production of "any and all records as per the attached Schedule A for Eastern Equipment and Supply Company for the period January 1, 1976 to present." Schedule A lists twenty-eight items, including such documents as general ledgers, general journals, paid bills, invoices; payroll records, contracts and copies of contracts (including all retainer agreements), tax returns, safe deposit box records, all W–2 forms for each

partner, associate and employee and workpapers. Another subpoena was issued on December 19, 1980, seeking access to a laundry list of documents relating to High Point Equipment and Supply Company.

Finally, on December 29, 1980, the grand jury directed Reid to produce "any and all bank statements and cancelled checks for the period January 1, 1976 to present" for accounts of his companies maintained at an off-shore bank.

Mr. Reid is resisting production of these documents and has filed the instant application to quash the five subpoenas, relying upon his Fifth Amendment right against self-incrimination.[1]

## II. DISCUSSION

The Fifth Amendment provides that "No person shall be compelled in any criminal case to be a witness against himself." Although the Fifth Amendment does not protect the records of corporations, unincorporated associations or partnerships, a sole proprietor can invoke the privilege to his benefit. *Bellis v. United States*, 417 U.S. 85, 87–88, 94 S.Ct. 2179, 2182–2183, 40 L.Ed.2d 678 (1974); *I. C. C. v. Gould*, 629 F.2d 847, 859 n.22 (3d Cir. 1980); *In Re Grand Jury Empanelled (Colucci)*, 597 F.2d 851, 859 (3d Cir. 1979); *United States v. Doe*, 628 F.2d 694, 695 (1st Cir. 1980); *In Re Grand Jury Proceedings*, 601 F.2d 162, 166 (5th Cir. 1979). Because the documents and records pertain to businesses owned by Mr. Reid as sole proprietor, the court must determine whether the Fifth Amendment rights of Mr. Reid would be infringed by enforcement of the grand jury subpoenas.

The Fifth Amendment is implicated in a claim of privilege relating to the production of business records only when an individual "is compelled to make a testimonial communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976). Therefore, before a district court may

---

1. Mr. Reid does not rely upon the Fourth Amendment in resisting the subpoenas. *Cf. United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (no legitimate ex- pectation of privacy in bank statements or in negotiable instruments used in commercial transactions).

quash a subpoena directing the production of documents or records, it

> "must be satisfied that three requirements have been met: (1) *compulsion* of a (2) *testimonial communication* that is (3) *incriminating.*

*In Re Grand Jury Empanelled (Colucci),* 597 F.2d 851, 860 (3d Cir. 1979) (emphasis in original). Because the subpoena supplies the compulsion and it is conceded by the government that the material sought is or may be incriminating, the focus in this case is on the second requirement—that there be a testimonial communication.

█ In so focusing, the relevant inquiry is not whether the subpoenaed documents on their face reveal incriminating communications, but whether the *act* of producing the documents has communicative aspects which warrant Fifth Amendment protection. *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). In yielding to the command of the subpoena, Mr. Reid may be required to make any one of several communications. The mere act of producing the documents may be considered "a communication of testimonial significance as an admission that the subpoenaed records exist and that they are authentic." *In Re Grand Jury Empanelled (Colucci),* 597 F.2d 851, 861 (3d Cir. 1979); *Andresen v. Maryland,* 427 U.S. 463, 475, 96 S.Ct. 2737, 2745, 49 L.Ed.2d 627 (1976) ("the Fifth Amendment may protect an individual from complying with a subpoena for the production of his personal records in his possession because the very act of production may constitute a compulsory authentication of incriminating information."). In addition, the act of production may indicate a belief that the papers produced are those described in the subpoena. *Fisher,* 425 U.S. at 410, 96 S.Ct. at 1580.

With few exceptions, enforcement of the subpoenas would compel Mr. Reid to admit that the records exist, that they are in his possession, and that they are authentic. These communications, if made under compulsion of a court decree, would violate Mr. Reid's Fifth Amendment rights.

The government insists, however, that it has no need for the testimony of Mr. Reid to prove the possession, existence or authenticity of the documents, and that his Fifth Amendment rights are therefore not involved. If the act of production is testimonial, it does not cease to be so because of independent proof of the communications contained therein. Mr. Reid's constitutional rights should not rise or fall with the strength of the government's case. Moreover, the government can give no assurances that the act of turning over the documents will not constitute incriminating admissions against Mr. Reid either before the grand jury or at a subsequent trial, if he is indicted.[2] The government argues that the existence, possession and authenticity of the documents can be proved without Mr. Reid's testimonial communication, but it cannot satisfy this court as to how that representation can be implemented to protect the witness in subsequent proceedings. Because the court concludes that use of this testimony against Mr. Reid for any purpose would infringe his right against self-incrimination, the motion to quash the subpoena is, for the most part, granted.

█ There are a number of items requested by the grand jury for which the Fifth Amendment does not offer protection. Records and documents which are required by law to be kept, or to be disclosed to a public agency, are outside the scope of constitutional protection. *In Re Grand Jury Proceedings,* 601 F.2d 162, 168 (5th Cir. 1979). Therefore, insofar as the subpoenas demand the production of documents falling into this category, e.g. tax returns and W–2 statements, Mr. Reid must comply. The motion to quash in all other respects is granted.

---

**2.** The government's position is that although Mr. Reid's testimony would not be needed in proving authentication, existence or possession of said documents, the communications never-

theless would be a proper subject of cross-examination at trial, if Mr. Reid decided to testify in his own behalf.