**In re GRAND JURY SUBPOENA.**

**Appeal of UNITED STATES of America.**

**No. 86–3809.**

United States Court of Appeals, Eleventh Circuit.

Oct. 9, 1987.

---

Bruce Hinshelwood, Asst. U.S. Atty., U.S. Attys. Office, Orlando, Fla., Robert J. Erickson, U.S. Dept. of Justice, Washington, D.C., for appellant.

Before JOHNSON and EDMONDSON, Circuit Judges, and HOFFMAN *, Senior District Judge.

JOHNSON, Circuit Judge:

The United States appeals the district court's grant of a motion to quash a grand jury's subpoena duces tecum issued to attorney Martin Lipnack. We reverse and remand with directions.

### I.

Two individuals are targets of a grand jury investigation in the Orlando Division of the Middle District of Florida. The targets bought property owned by Lipnack's clients, who are not subjects of the grand jury investigation.

As part of its investigation, the grand jury issued a subpoena to Lipnack, request-

ing "all records of property transactions including but not limited to closing statements, contracts to purchase and payments of funds between [the targets] and [your clients]."

Because his clients had moved and could not be located, the Florida State Bar advised Lipnack to assert an attorney-client privilege regarding the subpoenaed documents. The Bar further advised Lipnack that he could not comply with the subpoena absent his clients' consent or a court order.

Based on this advice, Lipnack made a motion to quash the subpoena, "assert[ing] the attorney/client privilege with reference to this transaction without prejudice." Based upon Lipnack's blanket assertion of privilege, the district court, without discussion and without conducting a hearing, granted Lipnack's motion to quash in its entirety. The government then filed this timely appeal.

### II.

As a threshold matter, the district court erred in recognizing and permitting Lipnack's blanket assertion of attorney-client privilege [1] to all the subpoenaed documents. The court should have conducted further inquiries (by either a hearing or in camera inspection) on a document-by-document basis to ascertain the grounds upon which Lipnack asserted the privilege. Consequently, we reverse the district court and remand the case, directing the district court to conduct such further inquiries.

In *United States v. Davis*, 636 F.2d 1028, 1044 n. 20 (5th Cir. Unit A Feb.) (citations omitted), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), a case involving enforcement of an Internal Revenue Service summons, this Court's predecessor warned:

Blanket assertions of privilege before a district court are usually unacceptable.

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

1. Generally, the attorney-client privilege is the clients' and theirs alone. In the present case, however, Lipnack may invoke the privilege on

behalf of his clients. *See, e.g., Fischer v. United States,* 425 U.S. 391, 402 n. 8, 96 S.Ct. 1569, 1577 n. 8, 48 L.Ed.2d 39 (1976); *United States v. Juarez,* 573 F.2d 267, 276 (5th Cir.) (explaining *Fischer* ), *cert. denied,* 439 U.S. 915, 99 S.Ct. 289, 58 L.Ed.2d 262 (1978).

Although [the attorney here] made no attempt to demonstrate in any specific way that any particular documents fell within the ambit of the [attorney-client] privilege, in the circumstances of this case there was enough confusion over the appropriate time to assert privilege that we will permit [the attorney] to make the required showing on remand. Future litigants who make only blanket assertions of privilege at enforcement proceedings should not expect such grace.

*Davis* approvingly cited *United States v. Roundtree*, 420 F.2d 845 (5th Cir.1969), a case where a taxpayer alleged that producing tax records requested by an IRS summons would violate his right against self-incrimination. The Court held that

even if the danger of self-incrimination is great, [the taxpayer]'s remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and *each* record elect to raise or not to raise the defense. The district court may then determine by reviewing [the taxpayer]'s records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.

*Id.* at 852 (emphasis added) (footnote omitted).[2]

We agree with the underlying rationales of *Davis* and *Roundtree* and hold that an attorney seeking to quash a subpoena must assert the attorney-client privilege on a document-by-document basis. This conclusion accords with Fifth Circuit interpretations of *Davis* and *Roundtree* since the Circuit split. *See United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir.1982) ("[W]e have made clear that the attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents. The privilege must be specifically

asserted with respect to particular documents."), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984). Other courts of appeals agree with this document-by-document approach. *See, e.g., Matter of Klein*, 776 F.2d 628, 634 (7th Cir.1985) and *Matter of Walsh*, 623 F.2d 489, 493 (7th Cir.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980); *In re Grand Jury Witness (Salas)*, 695 F.2d 359, 362 (9th Cir.1982); *see also In re Grand Jury Matters*, 751 F.2d 13, 17 n. 4 (1st Cir.1984) (dicta).

We ground our holding in the requirement that the person invoking the attorney-client privilege has the burden of establishing (1) the existence of an attorney-client relationship and (2) the confidential nature of the information sought. *In re Grand Jury Subpoena (Bierman)*, 788 F.2d 1511, 1511 (11th Cir.1986).[3] By quashing the subpoena on the basis of Lipnack's blanket assertion of attorney-client privilege, the district court improperly cloaked some subpoenaed documents with the privilege's protection. For example, the subpoena sought "all records of property transactions including but not limited to *closing statements [and] contracts to purchase.*" These records are not protected by the attorney-client privilege, because they lack a "confidential nature." *See United States v. Aronson*, 781 F.2d 1580, 1581 (11th Cir. 1986); *see also United States v. McDonald*, 313 F.2d 832, 835 (2d Cir.1963) (no attorney-client privilege where subpoena sought "copies of closing statements and sales contracts").

Similarly, the subpoena at issue in the present case sought "all records of property transactions including but not limited to ... *payments of funds.*" These records also are not protected by the attorney-client privilege. The privilege only protects communications between an attorney and his client made for the purpose of securing legal advice. *Bierman*, 788 F.2d

---

**2.** *See also United States v. Ponder*, 475 F.2d 37, 39 (5th Cir.1973) ("Instead of selectively invoking his Fifth Amendment privilege, taxpayer broadly claimed the privilege. He neither specified particular documents nor advanced any evidence indicating how production of the requested documents and records would incriminate him.")

**3.** Section II (dealing with attorney-client privilege) of the Court's original opinion in *Bierman*, 765 F.2d 1014 (11th Cir.1985), was vacated on rehearing and replaced at 788 F.2d 1511.

at 1512. An attorney who acts as his client's agent for receipt or disbursement of money or property to or from third parties is not acting in a legal capacity, and records of such transactions are not privileged. *Davis*, 636 F.2d at 1044; *cf. In re Grand Jury Investigation*, 769 F.2d 1485, 1488 (11th Cir.1985) ("[T]hese questions do not seek information of appellant concerning actions taken in a legal capacity, but rather focus on the attorney's actions as banker and business advisor for his client. Questions pertaining to such activities are not precluded by the attorney work-product privilege.").

The above examples demonstrate that a party cannot meet its burden of proof with a blanket assertion of privilege; some documents in this case clearly fall outside of the privilege's protection. Although we recognize that Lipnack failed to carry his burden of proof, we do not require Lipnack immediately to turn over the subpoenaed documents to the government. This is not a case where the clients themselves assert the privilege. *See El Paso Co., supra,* 682 F.2d 530. Nor is this a case where the attorney nominally asserts the privilege, yet the clients are fully aware of the proceedings. *See Davis, supra,* 636 F.2d 1028. Rather, this case concerns an attorney who has asserted the privilege for clients who have moved and cannot be located.

In such a situation, we decline to hold that the clients immediately forfeit the privilege's protection. We think the better result is to remand the case for inquiries consistent with *Bierman*'s burden-of-proof requirement. Specifically, the district court must require Lipnack to assert the privilege with a document-by-document explanation as to why the privilege shields the document from the subpoena's reach. The district court must then determine the validity of each assertion—by either conducting a hearing or inspecting the documents in camera.

Accordingly, REVERSED and RE-MANDED with directions.