FEDERAL SAVINGS AND LOAN
INSURANCE CORPORATION,
Petitioner,

v.

Donna Lynn HARDEE, Respondent.

MCA No. 88–50005–RV.

United States District Court,
N.D. Florida,
Panama City Division.

May 24, 1988.

---

Samuel A. Alter, Jr., Asst. U.S. Atty., Pensacola, Fla., Richard H. Harvey, Jr., Office of Enforcement—Federal, Home Bank Bd., Washington, D.C., for petitioner.

John F. Daniel, Daniel, Komarek & Martinec, Panama City, Fla., for respondent.

## ORDER GRANTING FSLIC'S PETITION TO ENFORCE SUBPOENA

VINSON, District Judge.

Pursuant to Section 407(m)(2) of the National Housing Act, as amended, Title 12, *United States Code*, Section 1730(m)(2), petitioner Federal Savings and Loan Insurance Corporation ("FSLIC") is conducting a formal examination into the affairs or ownership of First Federal Savings and Loan Association, Panama City, Florida ("First Federal"). In the course of the investigation, FSLIC issued a subpoena duces tecum to respondent Donna Lynn Hardee, a former employee of First Federal. Hardee appeared as required by the subpoena, but, on the advice of counsel, she invoked her Fifth Amendment privilege against self-incrimination, declined to answer any questions posed to her by the FSLIC attorney, and did not produce any documents.

The FSLIC subsequently petitioned this Court for enforcement of the subpoena (doc. 1). On March 24, 1988, a hearing was held on the petition. I ruled at the conclusion of the hearing that the respondent's blanket assertion of Fifth Amendment privilege was improper, and directed her to supply all subpoenaed documents to the Court for an in camera inspection. I also instructed her to specify, as to each document, the basis of her asserted Fifth Amendment privilege.

On April 1, 1988, Hardee furnished the Court with several documents and a memorandum in support of her asserted Fifth Amendment privilege. After a careful review of these materials, I now conclude that the respondent has not established that the documents are protected from disclosure by her Fifth Amendment rights.

■ This circuit recently held in *In re Grand Jury Subpoena*, 831 F.2d 225 (11th Cir.1987), that it was error for a district court to permit a blanket assertion of attorney-client privilege. 831 F.2d at 226. The proper procedure, the court ruled, was for the proponent of the privilege to assert it "with a document-by-document explanation of why the privilege shields the document from the subpoena's reach." *Id.* at 228. Although *In re Grand Jury Subpoena* involved the attorney-client privilege, the rationale for requiring a document-by-document invocation of that privilege applies with equal force to the assertion of the privilege against self-incrimination. *See United States v. Roundtree*, 420 F.2d 845 (5th Cir.1969).

The Fifth Amendment protects an individual from being "compelled to make a testimonial communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976) (emphasis omitted). That is, the Fifth Amendment proscribes "(1) compulsion of a (2) testimonial communication that is (3) incriminating." *United States v. Authement*, 607 F.2d 1129, 1131 (5th Cir.1979); *see United States v. Ghidoni*, 732 F.2d 814, 816 (11th Cir.1984). It follows that the respondent in this case cannot avoid compliance with the subpoena merely by showing that the documents in question are incriminating. *See Fisher v. United States, supra,* 425 U.S. at 409–10, 96 S.Ct. at 1580–81. She must show, in addition, that production of the documents would involve compulsion and testimony.

Where the preparation of business records is voluntary, no compulsion can be involved as to the contents of the records. *United States v. Doe*, 465 U.S. 605, 610, 104 S.Ct. 1237, 1240–41, 79 L.Ed.2d 552 (1984); *id.* Moreover, records not prepared by the person invoking the Fifth Amendment contain no testimonial declarations of

that person. *See Fisher v. United States, supra,* 425 U.S. at 409, 96 S.Ct. at 1580.

■ While the contents of a document may not be privileged, the act of producing the document may be. *United States v. Doe, supra,* 465 U.S. at 612, 104 S.Ct. at 1242. The act of production has testimonial aspects. For example, compliance with a subpoena forces the subpoenaed person to admit the existence of the subpoenaed documents, his possession or control of those documents, and their authenticity. *In re Grand Jury Subpoena Duces Tecum,* 754 F.2d 918, 920–21 (11th Cir.1985).

■ It is not entirely clear whether Hardee is invoking the Fifth Amendment as to the contents of any of the subject documents. However, I am satisfied that the contents of the documents are not entitled to Fifth Amendment protection. Hardee has not claimed, and the documents do not indicate, that they were not voluntarily prepared. Moreover, many of the documents were not created by her and, thus, do not contain her testimonial declarations.

However, Hardee contends that compliance with the subpoena will compel her to testify to her possession of the documents, their existence, and their authenticity. In an attempt to particularize this assertion of privilege, she has organized the documents into six groups corresponding to the six subpoena requests, and for each group has articulated the basis of her assertion.

The FSLIC subpoena commanded Hardee to produce records in her custody or control relating to the following:

1. Any and all transactions with First Federal Savings and Loan Association of Panama City, Florida ("First Federal") and/or any of its subsidiaries or affiliates in which you are associated with or have an interest in.

2. The First Federal real estate loan to Sunbird Condominium Inc. and any subsequent loans to individual purchasers of Sunbird Condominium units.

3. Any and all records of any kind whatsoever relating in any manner to your business relationships, if any, with Mr. Fred W. Webb, FMW Properties, Inc., Mr. Terry A. Neill, Terry A. Neill and Associates, Mr. Donald R. Crisp, Bay County Land and Abstract Company, Inc., Mr. William B. Guy, William B. Guy and Associates, Inc., Mr. Robert L. Hodges, Mr. James R. Ford, Mr. Eugene F. Clement, and/or any affiliate of the above-mentioned individuals.

4. Any and all transactions with any present or past director or employee of First Federal or its service corporation.

5. Personal income tax returns, including supporting schedules, for the past five years.

6. Any gifts, loans, benefits, commissions, payments and/or remuneration of any type, over $50, you were promised or received or were to receive directly or indirectly from any individual, corporation and/or partnership or entity.

As to the first request, Hardee urges that production of responsive documents will compel her to acknowledge that she has an affiliation with First Federal. However, her relationship with First Federal is made apparent by the contents of the documents, not by their production. For the reasons discussed above, the documents' contents are not protected.

Hardee contends that compliance with the second subpoena request will demonstrate that she owned one of the condominiums in the project under investigation by the FSLIC and that the appraised value of that condominium unit may have been inflated. Again, this information derives from the contents of the records. Hardee further asserts, however, that by producing these documents she would authenticate them and show that she possessed them. Thus, Hardee has claimed that production of the documents would involve testimony and compulsion. But she fails to explain how the testimonial aspects of production are incriminating. In fact, she has not mentioned a single criminal law which the act of production would tend to show she violated.

It could be argued that a facially incriminating document is in fact incriminating only if it is authentic, and, therefore, whenever a document's contents are incrimina-

ting, then the act of production is as well. However, the Supreme Court of the United States considered and rejected a comparable argument in *Fisher v. United States, supra.* Specifically, the Court there rejected a taxpayer's argument that the production of documents created by his accountant in preparing his tax return was prohibited under the Fifth Amendment. The Court recognized that the act of production tacitly conceded the existence of the demanded papers and their possession or control by the taxpayer. 425 U.S. at 410, 96 S.Ct. at 1580–81. However, it did not find that such admissions rose to the level of testimony within the protection of the Fifth Amendment. *Id.* at 411, 96 S.Ct. at 1581. The Court reasoned that "[t]he existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." *Id.* It concluded that because the existence and possession or control of the papers were not at issue in any meaningful sense, production of the papers was proper. *Id.* at 411–12, 96 S.Ct. at 1581–82.

Similarly, in this case, there is no indication that the authenticity of the documents is truely at issue. Facially, the records do not arouse suspicion, and there is no indication that the government is relying on the act of production to establish their authenticity. *See id.* at 411, 96 S.Ct. at 1581. I conclude, therefore, that the respondent's implicit admission of authenticity does not constitute testimony protected by the Fifth Amendment.

The grounds on which Hardee asserts her Fifth Amendment privilege as to the third, fourth, and fifth subpoena requests are also deficient for the reasons set out above. With regard to the sixth request, Hardee indicates that she does not have possession or control of any responsive documents.

The question remains of whether Hardee should be given a third chance to establish any entitlement she may have to Fifth Amendment protection. I conclude that she should not. In *United States v. Davis,*

636 F.2d 1028 (5th Cir. Unit A 1981), the former Fifth Circuit gave the respondent a second chance to properly invoke the attorney-client privilege because "there was enough confusion over the appropriate time to assert the privilege." 636 F.2d at 1044 n. 20. The court cautioned, however, that "[f]uture litigants who make only blanket assertions of privilege at enforcement proceedings should not expect such grace." *Id.*

Here, the respondent has already been afforded a second opportunity to show the applicability of her right against self-incrimination. Accordingly, the FSLIC's petition to enforce its subpoena is GRANTED, and the respondent is ORDERED forthwith to comply with the subpoena.