**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, Plaintiff,**

v.

**Jess A. RODRIGUES, Defendant.**

**No. C–88–20479–WAI.**

United States District Court,
N.D. California.

Nov. 28, 1988.

---

## ORDER

INGRAM, Chief Judge.

The court has before it the motion of the plaintiff Federal Savings and Loan Insurance Corporation (FSLIC) for the defendant to show cause why he should not comply with the agency investigative subpoena duces tecum (served May 12, 1988) for his personal federal tax returns for the years 1983 to 1987. This matter came on regularly for hearing on November 7, 1988. Upon consideration of the argument of counsel and all the papers, the defendant is directed to comply with the subpoena, for reasons noted below.

## I. BACKGROUND

The FSLIC is examining and investigating whether any conflict of interest regulations were violated by the defendant Jess A. Rodrigues (defendant) during 1984 through 1987 with loans made by Saratoga Savings and Loan Association (Saratoga), a federally insured institution, and California Housing Securities, Inc. (CHA), the savings and loan holding company of Saratoga. Additionally, the FSLIC is investigating whether the National Housing Act (Act) or FSLIC regulations were violated in connection with certain non-residential loans. The defendant, who is Chairman of the Board and an officer of Saratoga, asserts that the Fifth Amendment privilege against self-incrimination protects him from complying with the subpoena.

The investigative subpoena was issued pursuant to sections 407(m)(2) and 408(h)(2) of the Act, as amended, 12 U.S.C. sections 1730(m)(2) (providing, *inter alia,* agency authority to issue subpoenas duces tecum in connection with examinations of insured institutions and their affiliates), 1730a(h)(2) (providing, *inter alia,* agency authority to issue subpoenas duces tecum in making "such investigations as it deems necessary or appropriate to determine whether the provisions of [section 1730a], and rules, regulations, and orders thereunder, are being and have been complied with"). Also pursuant to these provisions, the jurisdiction of this court is invoked in this enforcement proceeding.[1]

## II. DISCUSSION

### A. *Fifth Amendment Privilege*

The Fifth Amendment provides, in pertinent part, that "No person ... shall be compelled in any criminal case to be a witness against himself." As the Supreme Court has noted, this privilege "does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is [1] compelled to make [2] a testimonial communication that [3] is incriminating." *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39, 54 (1976) (emphasis in original omitted). Specifically, the issue presented is whether the Fifth Amendment privilege extends to the production of the requested tax returns.[2]

The FSLIC has asserted that two exceptions to the Fifth Amendment apply in this proceeding, the required records exception and the exception that elements of the "act of production" doctrine are a foregone conclusion, thereby mandating the production of the tax returns.

1. The basis for the issuance of the Order to Show Cause on October 11, 1988 was that the FSLIC had made a proper showing under *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112, 119 (1964). *See also United States v. Church of Scientology of California,* 520 F.2d 818, 821–22 (9th Cir.1975). Significantly, the defendant had never contested in any of his papers (or even at the hearing subsequent to the issuance of the show cause order) that the FSLIC has made an insufficient *Powell* showing. The defendant's argument has exclusively focused on the Fifth Amendment issues. Nonetheless, the court is satisfied that FSLIC has met the four-part *Powell* standard based upon a review of the papers before the court.

2. The Supreme Court has twice noted (without resolution) this specific issue. *See United States v. Doe,* 465 U.S. 605, 608 n. 3, 104 S.Ct. 1237, 1239 n. 3, 79 L.Ed.2d 552, 557 n. 3 (1984); *Fisher,* 425 U.S. at 414, 96 S.Ct. at 1582, 48 L.Ed.2d at 58.

### 1. *Required Records Exception*

In determining whether the tax returns fall within the required records exception, this court considers whether its three constituent elements are present:

> [1] the purpose of the [governmental] inquiry is essentially regulatory; [2] information is to be obtained by requiring the preservation of records of a kind which the regulated party has customarily kept; and [3] the records themselves must have assumed "public aspects" which render them at least analogous to public documents.

*Grosso v. United States*, 390 U.S. 62, 67–68, 88 S.Ct. 709, 713, 19 L.Ed.2d 906, 912 (1968); *See also Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948).

Despite several opportunities to brief the applicability of this exception,[3] the defendant never directly discussed in writing the appropriateness of each of these three elements to the case at bar. For the first time at the hearing, the defendant conceded the regulatory purpose element by noting the obligation of citizens to file tax returns.[4] However, also for the first time, the defendant contested the applicability of the second prong, contending that there is no requirement that taxpayers "customarily" maintain their returns. The court disagrees.

Initially, the court notes that there is a maintenance requirement imposed by regulation. For example, any employee who claims a refund or credit or abatement must maintain complete tax records "for a period of *at least four years* after the date the claim is filed." 26 C.F.R. section 31.-

6001–1(e)(2) (emphasis added). *See also id.* section 1.6001–1(e) (requiring retention of income tax records "so long as the contents thereof may become material in the administration of any internal revenue law"). *Accord* 26 U.S.C. sections 6001 (providing that the Secretary "may require any person ... to make such returns ... or keep such records as the Secretary deems sufficient to show whether or not such person is liable for tax"), 6011(a) & 6012(a) (noting general requirement of filing individual income tax returns), 7203 (noting criminal violation for willful failure to file a tax return and maintain required records); 26 C.F.R. section 1.170A–13 (noting record keeping requirement for deductions for charitable contributions). Moreover, there is a general three year statute of limitations after the tax return has been filed for the assessment of tax or for a claim for credit or refund. 26 U.S.C. sections 6501(a), 6511(a). However, the statute also enumerates exceptions which extends the limitations period for filing for appropriate relief. Further, it may be generally accepted that it is customary for individuals to maintain their tax returns for purposes of an IRS audit (at least for the four-year regulatory record keeping requirement and the period of statute of limitations). Finally, this court is also persuaded by the decisions of other courts who have addressed this issue. *See, e.g., In re Doe*, 711 F.2d 1187, 1191 (2d Cir.1983) (noting that "the W–2 [tax forms] are records of a kind customarily kept by taxpayers is not open to dispute"); *United States v. Fox*, 554 F.Supp. 422, 426 (S.D.N.Y.) (noting that tax returns are customarily kept as a requirement for the IRS to manage the national

---

**3.** The defendant has had no less than three opportunities to brief these issues, including his Opposition Brief in reply to the initial Fifth Amendment arguments raised by FSLIC, the Order (filed Sept. 23, 1988) requiring further briefing, and the Order to Show Cause (filed Oct. 11, 1988) permitting further briefing if any of the parties so desired.

**4.** Notwithstanding this concession by the defendant, the court finds that the first prong is established because the Internal Revenue Code facilitates the regulatory scheme of revenue collection for the federal government. *See, e.g.*, 26 U.S.C. sections 6001 (noting requirement of fil-

ing tax returns), 6012 (noting general requirement of filing individual income tax returns). *See also In re Doe*, 711 F.2d 1187, 1191 (2d Cir.1983) (noting requirement of filing IRS form W–2 "is part of the regulatory scheme established by the Internal Revenue Service"); *United States v. Fox*, 554 F.Supp. 422, 426 (S.D. N.Y.) (in considering the required records exception, noting that the "inquiry by the IRS to a taxpayer to justify deductions and other claims made on his return is 'essentially regulatory'"), *rev'd on other grounds*, 721 F.2d 32 (2d Cir. 1983).

regulatory task of revenue collection), *rev'd on other grounds,* 721 F.2d 32 (2d Cir.1983). For these reasons, this court finds that the second element of the required records exception has been established.

The defendant has never disputed, at the hearing or in the several opportunities afforded to brief the matter, the applicability of the third public aspects criterion. Nonetheless, the court finds that this element is also met. Other courts addressing this issue have similarly so concluded. *See, e.g., Doe,* 711 F.2d at 1191 (noting that "public aspect requirement appears satisfied simply from the fact that the taxpayer is required to attach copies of his W–2 when filing"); *Fox,* 554 F.Supp. at 426 (noting public aspects element met "because this nation relies upon its taxpaying citizens and residents to assess their own tax liability"). Moreover, records filed with a public body pursuant to a valid regulatory scheme have been held to have public aspects. *See, e.g., In re Grand Jury Proceedings,* 801 F.2d 1164, 1168 (9th Cir.1986) (noting "public aspect ... under the state regulatory scheme") (citing *In re Kenny,* 715 F.2d 51, 53 (2d Cir.1983) (subpoenaed medical records and x-rays satisfied "public aspects" prong "by virtue of New Jersey's comprehensive regulatory scheme"); *Doe,* 711 F.2d at 1192 (noting public aspect demonstrated by state regulatory structure)).

Because the court finds that the required records exception to the privilege against self incrimination applies in this enforcement proceeding,[5] this court need not consider whether the act of production has testimonial or communicative aspects (and the concomitant issues of whether the existence and possession of subpoenaed documents may be a foregone conclusion or whether the act of production could constitute "implicit authentication"). *See, e.g., United States v. Doe,* 465 U.S. 605, 613–14, 104 S.Ct. 1237, 1242–43, 79 L.Ed.2d 552, 560–61 (1984); *Fisher,* 425 U.S. at 411, 96 S.Ct. at 1581, 48 L.Ed.2d at 56. *See also FSLIC v. Hardee,* 686 F.Supp. 885, 887–88 (N.D.Fla.1988) (holding that the act of production of five years of personal income tax returns and supporting schedules pursuant to FSLIC subpoena did not have testimonial attributes). Accordingly, because the required records exception to the Fifth Amendment applies, production of the subpoenaed tax returns is mandated absent some other overriding authority.[6]

## B. *Applicability of Cohen*

In asserting the Fifth Amendment privilege, the defendant primarily relies upon *United States v. Cohen,* 388 F.2d 464 (9th Cir.1967), which predates the Supreme Court Fifth Amendment pronouncements in *Doe* and *Fisher,* and argues that *Cohen* has not been expressly overruled. The defendants at the hearing essentially asserted that compliance with the subpoena turns on the applicability of *Cohen.* This case concerned an IRS summons for an accountant's work papers for and held by the tax-

---

**5.** At least one other district court has similarly found that tax returns are "required records," but this issue was not raised on appeal. *See In re Grand Jury Empanelled March 19, 1980 (Reid),* 541 F.Supp. 1 (D.N.J.1981) (mandating compliance with grand jury subpoena for tax returns and W–2 statement), *aff'd,* 680 F.2d 327 (3d Cir.1982), *aff'd in part, rev'd in part and remanded on other grounds sub nom. United States v. Doe,* 465 U.S. 605, 608 n. 3, 104 S.Ct. 1237, 1239 n. 3, 79 L.Ed.2d 552, 557 n. 3 (1984) (noting issue was not raised on appeal). *See also In re Grand Jury Subpoenas Served February 27, 1984,* 599 F.Supp. 1006, 1017 (E.D.Wash. 1984) (declining to address the issue of the applicability of the required records exception to tax returns because "Petitioner's counsel conceded that the tax returns are not privileged").

**6.** *Despite repeated opportunities to brief the matter, the defendant has not cited any cases where the required records exception was found inapplicable to tax returns.* However, FSLIC brings to the court's attention *Application of Daniels,* 140 F.Supp. 322, 325 n. 2 (S.D.N.Y. 1956), wherein the district court noted that it was unlikely that the required records doctrine would be extended to personal business records required under the income tax laws. *Daniels* is inapposite. Unlike the instant action, the *Daniels* court noted that the government did not challenge the petitioner's assertion that the Fifth Amendment privilege protected his personal business records. Moreover, *Daniels* appears to have been implicitly overruled by *In re Doe,* 711 F.2d 1187 (2d Cir.1983), where the appellate court found that the required records exception covered a subpoena request for W–2 tax forms.

payer. The Ninth Circuit held that the Fifth Amendment privilege permitted noncompliance by the taxpayer with the subpoena.

However, the court finds *Cohen* distinguishable on two grounds. First the continued vitality of *Cohen* has been seriously questioned in light of the more recent Supreme Court cases. In fact, the Ninth Circuit has noted that *Cohen* has been "implicitly overruled to the extent that it is contrary to *Fisher*." *In re Grand Jury Subpoena of Fred R. Witte Center Glass No. 3*, 544 F.2d 1026, 1028 (9th Cir.1976). *See also In re Grand Jury Subpoenas Served February 27, 1984*, 599 F.Supp. 1006, 1010 (E.D.Wash.1984) (noting that *Cohen* "apparently [was] undercut by [the Supreme Court's decision in] *Doe* "). Moreover, the *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) decision, wherein the Supreme Court held that the Fifth Amendment protects private papers, and which was relied upon in *Cohen*, has been recognized to have been affected by *Fisher* and other decisions. *See Doe*, 465 U.S. at 618, 104 S.Ct. at 1245, 79 L.Ed.2d at 563 (O'Connor, J., concurring) (citing *Fisher*, 425 U.S. at 407, 96 S.Ct. at 1579, 48 L.Ed.2d at 54). *Accord Braswell v. United States*, 487 U.S. 99, ——, 108 S.Ct. 2284, 2290, 101 L.Ed.2d 98, 109 (1988) ("To be sure, the holding in *Fisher*—later reaffirmed in *Doe*—embarked upon a new course of Fifth Amendment analysis.") (citation omitted). Secondly, even assuming the continued validity of *Cohen*, that case did not involve, as here, the required records exception. Moreover, the Ninth Circuit has expressly held that the required records exception has not been modified by *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984).[7] *See Grand Jury Proceedings*, 801 F.2d at 1169.[8]

**III. CONCLUSION**

Based on the foregoing, in this enforcement proceeding the defendant is HEREBY ORDERED to comply with the FSLIC investigative subpoena duces tecum forthwith.

IT IS SO ORDERED.

---

7. The defendant's reliance on *United States v. Helina*, 549 F.2d 713 (9th Cir.1977) is also unhelpful because this opinion was premised upon *Cohen* and *Boyd*, which, as noted, employed a Fifth Amendment analysis which has been modified by the more recent Supreme Court decisions in *Doe* and *Fisher*.

8. Finally, the defendant cites to privileges applicable under the California Constitution which are not binding in this federal enforcement proceeding.